Gratiot et al., Plaintiffs and Appellees, v. Hagen, Defendant and Appellant.

Appeal from the District Court of San Juan in a Proceeding for an Injunction.

No. 2412.—Decided April 29, 1921.

Injunction—Notice.—In urgent cases the district court, after a bond is given and always with great caution, may grant a preliminary injunction without hearing the respondent and without his having been summoned, but when the court does not grant the writ on an *ex parte* application and prefers to hear the reasons of the respondent why the writ should not issue, it is necessary to serve him with a copy of the complaint and it is not sufficient only to serve him with the order to show cause.

The facts are stated in the opinion.
*Messrs. Savage & Crosas* for the appellant.
*Messrs. J. Texidor* and *G. de la Haba* for the appellees.

Mr. Justice Aldrey delivered the opinion of the court.

Emilio Gratiot and Bertha Parisot de Gratiot filed a complaint in the District Court of San Juan, Section 2, wherein they alleged that they were the owners of a house in the ward of Puerta de Tierra of this city in the western wall

of which they opened two high windows and one shuttered window, but that defendant Paul L. Hagen has rendered them useless by placing connected boards and sheets of zinc on the western part of the said house, which deprive the plaintiffs of the use and enjoyment of their property. On these facts, among others which are not now pertinent, they prayed for a writ of injunction against the defendant, ordering him to refrain from preventing by those means the use and enjoyment of the said windows and to remove immediately the said boards, sheets of zinc and posts which he had set up, and pay the costs of the action. They also prayed that *pendente lite* the court issue a temporary restraining order against the defendant ''ordering him to refrain from placing sheets of zinc, boards, advertisements or anything else on the walls of the house belonging to the plaintiffs which may interfere with the use and enjoyment of the windows existing or that may be opened in the said wall, and also that he immediately remove the boards, sheets of zinc and posts which are now placed against the wall and cover the windows of the house of the plaintiffs, who will give such security as the court may require for the issuance of the said temporary restraining order.''

The complaint was verified on October 20, 1920, and on the 26th of that month the court entered the following order:

''Having considered the petition of the plaintiffs for a writ of injunction against the defendant and for a temporary restraining order *pendente lite,* the court sets November 3, 1920, at 9 a. m. for the appearance of the defendant to show cause why a temporary restraining order should not issue in this case, and in the meantime the court orders the defendant to refrain from placing sheets of zinc, boards, advertisements or anything else on the walls of the house of the plaintiffs in any manner that may interfere with the use and enjoyment of the windows existing or that may be opened in the said wall.''

On the third day of November the defendant appeared in court by a written motion alleging that he appeared solely

and specially for the purposes of the motion and without submitting to the jurisdiction of the court in this action; that according to an affidavit attached to the motion he had been served only with a copy of the rule to show cause and not with a copy of the summons, or of the complaint, or of the petition to which the rule refers, for which reason he moved that the rule to show cause, issued on October 26, be set aside, relieving him of the restraints therein contained. The motion was heard and overruled by the court on the same third day of November and a new hearing was set for two days thereafter on the rule to show cause. The defendant did not appear on the fifth day of November and for that reason the plaintiffs moved that the temporary restraining order be issued. Considering the failure of the defendant to appear to show cause why the temporary restraining order should not issue and finding that from the face of the complaint there were sufficient reasons for granting the prayer of the plaintiffs, the court sustained the petition on the same day as to the temporary restraining order and directed that it should be issued against the defendant, commanding him to remove the obstructions placed by him in front of the windows of the plaintiffs and to refrain from placing such obstructions there again or prevent the entrance of light and air into the house of the plaintiffs pending the final determination of the action for a perpetual injunction on its merits, requiring a bond in the sum of five hundred dollars for the protection of the defendant.

The bond having been given on the same day, that order was served on the defendant on the eighth day of November by delivering to him a copy of it together with copies of the bond, of the complaint and of the summons.

On the ninth day of November the defendant moved the court to vacate the temporary restraining order issued against him, alleging not only that he had not been summoned when the rule to show cause why it should not issue was

heard, but also that the said rule to show cause had no force or validity because he had not been previously served with copies of the complaint and summons. On the 20th day of December the court overruled the motion and the defendant seasonably appealed from that order under subdivision 3 of section 295 of the Code of Civil Procedure which authorizes an appeal from an order refusing to dissolve an injunction.

The principal contention of the appellant in this appeal is that the lower court could not issue the rule commanding him to appear and show cause why the temporary restraining order prayed for by the plaintiffs should not issue, nor grant the said order, without his first having been summoned by the delivery to him of copies of the complaint praying for a perpetual injunction and of the summons, and that for the same reason the temporary restraining order should have been vacated when he moved the court to that effect.

There is no doubt, and the appellant does not deny, that a district court is authorized by our laws to issue a temporary restraining order pending the trial of an action for a perpetual injunction. Sections 2 and 3 of the Injunctions Act of 1906; *Díaz* v. *Vázquez*, 19 P. R. R. 1094; *Municipality of Gurabo* v. *Juncos Central Company,* 18 P. R. R. 398. According to section 5 of the Act, it may be granted at any time before judgment upon a verified complaint, or upon affidavits if the complaint in the one case, or the affidavits in the other, show satisfactorily that sufficient grounds exist therefor, and a copy of the complaint or of the affidavit, upon which the injunction was granted, must, if not previously served, be served therewith upon the defendant. This authority is limited by section 6 of the Act in the provision that an injunction can not be allowed after the defendant has answered, unless upon notice, or upon an order to show cause; but in such a case the defendant may be restrained until the decision of the court granting or refusing the injunction. According to section 8 of the Act, it is

discretional with the court to grant a temporary writ without hearing the defendant, for it provides that if the court deems it proper that the person sought to be enjoined be heard before granting the injunction, an order may be made requiring cause to be shown, and, in the meantime, he may be restrained. Section 9 provides that an injunction to suspend the general and ordinary business of a corporation can not be granted without due notice of the application therefor, except when The People of Porto Rico may be a party to the proceeding. Section 10 provides that if an injunction is granted without notice to the person enjoined, he may move the court, upon reasonable notice, to dissolve or modify it.

The statutes show that the court may grant a temporary restraining order without hearing the defendant and without his having been summoned to answer the complaint, for as an urgent measure it may be granted *ex parte* upon the filing of the complaint or petition for a perpetual injunction of which it is an auxiliary remedy. In the United States, whence our law on the matter emanates, the courts have the same authority. High on Injunction (2nd. edition), volume 1, page 43, and volume 2, page 866; 14 R. C. L. 325; 22 Cyc. 918, 957, and citations in note 2. Of course, the writ should be granted only in an urgent case and with great caution, bond being required according to section 7 of the Act.

In this case the trial court did not grant the temporary injunction *ex parte,* but preferred to hear the defendant and ordered him to appear to show cause why the temporary writ prayed for by the plaintiff should not be granted. The defendant was served with a copy of that order, but not with a copy of the original petition.

For entering that order and deciding whether or not the temporary injunction should be granted it was not necessary that the defendant should be first summoned to answer the

complaint, it being sufficient to notify the defendant of the order to show cause in order to bring him into court for the purposes of the petition for a temporary injunction; but inasmuch as the court desired to hear the reasons that the defendant might have for opposing the petition, it was indispensable to deliver to him a copy of the petition, for without knowing its contents he could not formulate his grounds of opposition and in the circumstances the lower court should not have granted the temporary injunction prayed for by the plaintiff. After the court elected to hear the defendant it should not have disposed of the matter until he was in a position to defend himself against the petition.

The appellant also alleges that a temporary injunction is not generally granted when it is of a mandatory character like that asked for in this case, except in instances of great urgency. This is true, but according to the facts of each case it may be granted *ex parte* when there is great urgency, without ruling the defendant to show cause in opposition. 2 Spelling on Injunctions, 871; 22 Cyc. 743; 14 R. C. L. 318.

The ruling appealed from should be reversed and the order granting the temporary injunction set aside.

*Reversed and writ discharged.*

Justices Wolf, Del Toro and Hutchison concurred.
Mr. Chief Justice Hernández dissented.